UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JOY ANN ROETT-O'CONNOR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO.  2:14-CV-1838-SLB |
| | ) |
| **AMERICAN FAMILY CARE,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss. (doc. 6), and plaintiff's Motion for a Trial by Jury, (doc. 8)[1]  Plaintiff, Joy Ann Roett-O'Connor has filed a complaint against defendant, American Family Care, alleging violation of HIPAA[2] law, negligence, intentional tort, conversion, and infliction of emotional distress. (*See* doc. 1 at 1; doc. 8 at 3.)  For the reasons set forth below, the court finds defendant's Motion to Dismiss, (doc. 6), is due to be granted and plaintiff's Motion for a Jury Trial, (doc. 8), is due to be denied.

The Eleventh Circuit has held:

> Federal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]HIPAA stands for the "Health Insurance Portability and Accountability Act."  *See Crawford v. City of Tampa*, 397 Fed. Appx. 621, 623 (11th Cir. 2010).

> Wright, Miller & Cooper, 13 *Federal Practice and Procedure*, § 3522 (1984). In 28 U.S.C. §[§] 1331-32 (Supp.1992), Congress granted federal courts jurisdiction over diversity actions and cases raising a federal question. If jurisdiction is based on either of these, the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a).

*Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

"HIPAA's privacy provisions do not provide a statutory cause of action. Put differently, even if [defendant] violated HIPAA by purportedly discussing [plaintiff's] health information in public, [plaintiff] has no private cause of action against [defendant]." *Brown v. ATG, Inc.*, Civil Action No. 2:15-CV-0161-AKK, 2015 WL 3545984, *2 (N.D. Ala. June 8, 2015)(citing *Bradley v. Pfizer, Inc.*, 440 Fed. Appx 805, 810 (11th Cir. 2011); *Crawford v. City of Tampa*, 397 Fed. Appx 621, 623 (11th Cir. 2010)(citing *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006)))(internal citations omitted). To the extent plaintiff's Complaint alleges a cause of action under the HIPAA statute, such claim is due to be dismissed.

Defendant contends that plaintiff's remaining claims should be dismissed for lack of diversity jurisdiction. It points to the fact, not disputed by plaintiff, that plaintiff and defendant are both residents of Alabama; therefore, the court does not have diversity jurisdiction over plaintiff's remaining claims.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." 28 U.S.C. § 1332. "For diversity purposes,

a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. . . . Citizenship for diversity purposes is determined at the time the suit is filed." *MacGinnitie v. Hobbs Group*, 420 F.3d 1234, 1239 (11th Cir. 2005)

Plaintiff's Complaint alleges that defendant is engaged in business and doing business in Shelby County, Alabama, (doc. 1 at 1), and its corporate office is in Hoover, Alabama, (doc. 8 at 1). Plaintiff resides in Alabama also. (*See* doc. 1 at 1.) For purposes of deciding defendant's Motion to Dismiss, the court finds no diversity between plaintiff and defendant; therefore, it has no diversity jurisdiction. Defendant's Motion to Dismiss, (doc. 6), is due to be granted.

Because this court lacks subject-mastter jurisdiction, plaintiff is not entitled to a jury trial in federal court. Therefore, her Motion for a Trial by Jury, (doc. 8), is due to be denied.

An Order granting defendant's Motion to Dismiss, (doc. 6), denying plaintiff's Motion for a Trial by Jury, (doc. 8), and dismissing plaintiff's HIPAA claims with prejudice and her state-law claims without prejudice will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 8th day of September, 2015.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE